<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MAURICIO PEREZ SIERRA, | Civil Action No. 25-18829 |
| *Petitioner*, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| DARIN K. MARGOLIN, *et al.*, | |
| *Respondents*. | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Enforce Judgment (ECF No. 14), seeking enforcement of this Court's February 23, 2026 Opinion and Order granting limited habeas relief (ECF Nos. 11, 12). For the reasons that follow, the motion is GRANTED.

## I.    BACKGROUND

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his immigration detention. (ECF No. 1.) By Text Order dated January 7, 2026, the Court determined that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and ordered Respondents to provide him with an individualized bond hearing. (ECF No. 3.)

Following that hearing and subsequent briefing, the Court issued an Opinion and Order on February 23, 2026. (ECF Nos. 11, 12.) The Court concluded that, in light of Petitioner's prolonged post-arrest detention, repeated interstate transfers, and the absence of a demonstrated likelihood of removal in the reasonably foreseeable future, the Government had failed to make the requisite individualized, record-supported showing necessary to justify continued civil detention. (ECF No. 11 at 9.) Accordingly, the Court held that Petitioner's detention had become constitutionally

infirm under the Due Process Clause.  (*Id.*)

The Court therefore granted limited habeas relief and ordered Respondents, within seven (7) days, to either: (1) make an individualized evidentiary showing, supported by the record, demonstrating that Petitioner's continued detention is necessary to serve the Government's regulatory interests; or (2) release Petitioner under reasonable conditions of supervision.  (ECF No. 12.)

On March 2, 2026, Respondents submitted a letter purporting to comply with the Court's Order.  (ECF No. 13.)  Petitioner thereafter filed the instant Motion to Enforce Judgment, asserting that Respondents failed to satisfy the Court's directive.  (ECF No. 14.)

## II.    **LEGAL STANDARD**

This Court retains jurisdiction under 28 U.S.C. § 2241 to adjudicate challenges to the legality of immigration detention and to enforce its own judgments.  *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011) (recognizing that § 2241 confers jurisdiction to review the legality of immigration detention).  That authority includes the power to "dispose of the matter as law and justice require."  28 U.S.C. § 2243.

Federal courts possess continuing jurisdiction to enforce conditional grants of habeas relief.  *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975) (*per curiam*) (holding that federal courts retain authority to enforce their habeas judgements).  This authority is not curtailed by 8 U.S.C. § 1226(e), which limits review of discretionary detention decisions but does not bar constitutional challenges or the enforcement of federal court orders.  *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that § 1226(e) does not preclude habeas review of constitutional claims); *Jennings v. Rodriguez*, 583 U.S. 295, 302 (2018) (confirming that constitutional challenges to immigration detention remain reviewable notwithstanding statutory limits).

Where a court has issued a conditional grant of habeas relief, the inquiry on a motion to enforce is narrow: whether the respondent has satisfied the condition imposed. If not, the court must effectuate the remedy specified in its prior order. *See Phifer v. Warden, U.S. Penitentiary, Terre Haute,* 53 F.3d 859, 864 (7th Cir. 1995) (holding that a district court retains jurisdiction to determine compliance with a conditional habeas order and that failure to satisfy the condition warrants enforcement of the writ, including release of the petitioner).

## III.    DISCUSSION

### a.    Governing Constitutional Principles

The Due Process Clause protects against arbitrary civil detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001). Although immigration detention is civil in nature, it is subject to constitutional limitations, particularly as its duration becomes prolonged. *Id.* at 690–91.

Petitioner has now been detained since September 13, 2025, a period of approximately six months. (ECF No. 1 ¶ 2.) The Third Circuit has construed the statutory grant of immigration detention authority to include an implicit temporal limitation: detention remains permissible only for a period reasonably necessary to effectuate the statute's regulatory purposes, and, once that period is exceeded, due process requires the Government to sustain continued custody through an individualized evidentiary showing. *See Diop v. ICE/Homeland Security,* 656 F.3d 221, 232–34 (3d Cir. 2011) (reading a "reasonableness" limitation into INA detention authority and requiring government justification after prolonged custody); *see also Chavez-Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 474–75 (3d Cir. 2015) (emphasizing that the reasonableness determination is fact-dependent and "a function of the length of the detention"); *Guerrero-Sanchez v. Warden*

3

*York Cnty. Prison*, 905 F.3d 208, 223–24 (3d Cir. 2018) (acknowledging that extended detention may give rise to heightened constitutional scrutiny). These precedents direct courts to undertake a holistic inquiry—considering, *inter alia*, the duration of detention, the foreseeability of removal, the allocation of responsibility for delay, and the nature of the conditions of confinement—rather than adhering to rigid temporal benchmarks. *See Diop*, 656 F.3d at 234.

Although Petitioner is detained pursuant to 8 U.S.C. § 1226(a), the availability of a bond hearing does not end the constitutional inquiry. The Third Circuit has explained that such detention remains lawful only so long as the process afforded is meaningful in light of the duration and circumstances of confinement. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279–80 (3d Cir. 2018) (holding that the mere availability or prior provision of a bond hearing under § 1226(a) does not, by itself, resolve a detainee's as-applied due process challenge to prolonged detention). Once detention becomes unreasonably prolonged, due process requires a renewed, individualized justification.

### b. Respondents Failed to Comply with the Court's Order

The Court's February 23, 2026 Order was unequivocal. Respondents were directed to either justify continued detention through an individualized, record-supported showing, or effectuate Petitioner's release under appropriate conditions. That determination is law of the case and is not subject to relitigation. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988).

Respondents' March 2, 2026 submission does not satisfy that directive.

Respondents present no individualized evidence demonstrating that Petitioner presently poses a flight risk or a danger to the community. (*See* ECF No. 13.) Nor do they meaningfully engage with the evidentiary record developed at the bond hearing, nor do they identify any changed

4

circumstances that would justify continued detention. (*Id.*)

Instead, Respondents rely on the existence of a removal order and the pendency of Petitioner's administrative appeal. (ECF No. 13 at 2.) These generalized assertions are insufficient as a matter of law.

First, a removal order does not, standing alone, justify prolonged detention. *See Zadvydas*, 533 U.S. at 691. Second, reliance on Petitioner's pursuit of administrative remedies is particularly problematic, as detention cannot be prolonged in a manner that effectively penalizes an individual for exercising his legal rights. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 271 (3d Cir. 2012) (rejecting the proposition that a noncitizen's good-faith challenge to removal may be used to justify extended detention); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020) (emphasizing that delays attributable to a detainee's pursuit of relief do not, without more, justify prolonged detention).

Moreover, Respondents' submission fails to provide the "individualized inquiry" required by governing precedent and instead relies on categorical reasoning that those decisions reject. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015) (rejecting reliance on generalized or categorical justifications and requiring a fact-specific, individualized assessment of the propriety of continued detention).

To the extent Respondents attempt to challenge the legal framework underlying the Court's prior decision, that effort is procedurally improper. The Court's February 23, 2026 Opinion resolved the governing standard, and Respondents were obligated to comply with the resulting Order—not to relitigate it. [1]

---

[1] Respondents' argument rests on a misapprehension of both the Court's prior ruling and the governing constitutional framework. The Court did not import the *Diop* factors as a rigid, statute-specific test. Rather, it relied on settled Third Circuit precedent recognizing that civil immigration

### c. Enforcement of Conditional Habeas Relief

Where the government fails to comply with a conditional grant of habeas relief, courts possess both the authority and the obligation to enforce their orders. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (recognizing that federal courts have broad discretion under 28 U.S.C. § 2243 to fashion and enforce habeas relief, including conditioning release to permit the government an opportunity to cure constitutional defects). This authority is further reinforced by the All Writs Act, 28 U.S.C. § 1651, which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under

---

detention—regardless of the statutory provision invoked—remains subject to the constraints of the Due Process Clause.

As the Third Circuit explained in *Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011), immigration detention is constitutionally permissible only for a reasonable period and only so long as it is accompanied by adequate procedural safeguards. *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474–78 (3d Cir. 2015), reaffirmed that where detention becomes prolonged, meaningful, individualized review is required to ensure that continued confinement remains justified. These principles are not confined to § 1226(c); they articulate broader constitutional limits on executive detention that apply with equal force here.

Nor does detention under § 1226(a) alter that analysis. The availability of an initial bond hearing does not exhaust due process protections where detention has become unreasonably prolonged. *See Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 224–25 (3d Cir. 2018) (holding that due process requires the Government to justify continued detention by clear and convincing evidence once detention becomes prolonged). Although *Guerrero-Sanchez* arose under § 1231(a)(6), its reasoning is grounded in the fundamental principle that liberty may not be curtailed absent robust procedural safeguards. *See id.*

Against that backdrop, the Court's reliance on the *Diop* factors reflects a faithful application of constitutional reasonableness principles—not a mechanical transposition of statutory doctrine. Those factors provide a structured means of assessing whether continued detention remains tethered to its regulatory purposes or has become punitive in effect. *See Diop*, 656 F.3d at 234.

The same constitutional foundation informed the Court's February 23, 2026 Order, which required Respondents to either provide an individualized, evidence-based justification for continued detention or effectuate Petitioner's release. In a habeas proceeding challenging ongoing detention, the burden rests with the Government to justify continued physical restraint. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

these provisions, a district court may enforce compliance with a prior habeas judgment, including ordering release where the government fails to satisfy the conditions imposed. A conditional habeas order is a final, appealable judgment that grants relief subject to the government's compliance with specified conditions, while reserving to the district court continuing jurisdiction to determine compliance and to order release if those conditions are not satisfied. *See Phifer v. Warden, U.S. Penitentiary, Terre Haute*, 53 F.3d 859, 864 (7th Cir. 1995).

That principle governs here. Respondents were afforded a clear opportunity to justify continued detention and failed to do so. Enforcement is therefore required.

### d. Remedy

Respondents suggest that, even if their submission is deficient, the appropriate remedy is a further bond hearing. (ECF No. 13 at 2.) The Court disagrees.

The Court has already determined that Petitioner received a constitutionally adequate bond hearing. (ECF No. 11 at 5-8.) The constitutional violation identified in the February 23, 2026 Opinion was the absence of sufficient justification for Petitioner's continued detention. (*Id.* at 8-9.) Under these circumstances, a further hearing—absent the required showing—would not cure the violation.

Accordingly, the appropriate remedy is Petitioner's release under reasonable conditions of supervision.

The Court declines, however, to award attorneys' fees or costs at this time.

### IV.    CONCLUSION

Respondents have failed to comply with the Court's February 23, 2026 Order. Because they did not make the required individualized, record-supported showing justifying Petitioner's continued detention, enforcement of that Order is warranted.

7

Accordingly, for good cause shown,

**IT IS** on this 23rd  day of March, 2026,

**ORDERED** that Petitioner's Motion to Enforce Judgment (ECF No. 14) is **GRANTED**; and it is further

**ORDERED** that Respondents shall <u>on this date</u> **IMMEDIATELY RELEASE** Petitioner under reasonable conditions of supervision as determined by the appropriate immigration authorities; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that Petitioner's request for attorneys' fees and costs is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**KAREN M. WILLIAMS**
**United States District Judge**

8