**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE MAURICIO PEREZ SIERRA,<br>*Petitioner*,<br>v.<br>DARIN K. MARGOLIN, *et al.,*<br>*Respondents*. | Civil Action No. 25-cv-18829<br>**OPINION**<br>November 25, 2026 |

**THIS MATTER** comes before the Court on Petitioner Jose Mauricio Perez Sierra's ("Petitioner") Motion for Attorney's Fees and Expenses ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 17.) Respondents Darin K. Margolin, Todd Lyons, and Kristi Noem (collectively, "Respondents") oppose the Motion. (ECF No. 18.) The Court has considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

On December 19, 2025, Petitioner, a native and citizen of Colombia, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention. (ECF No. 1.) Petitioner alleged that he entered the United States on September 13, 2022, was apprehended and released, and subsequently became subject to removal proceedings. (*Id.* ¶ 19.) He further alleged that, after being detained by Immigration and Customs

Enforcement ("ICE") on September 13, 2025, he was denied an opportunity to seek release on bond because Respondents considered him subject to mandatory detention under 8 U.S.C. § 1225(b). (*Id.* ¶¶ 22–23.)

On January 7, 2026, the Court determined that, under the circumstances presented and consistent with recent decisions in this District interpreting § 1225(b), Petitioner was subject to detention under 8 U.S.C. § 1226(a). (ECF No. 3.) Accordingly, the Court directed Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, who would assess whether Petitioner presented a flight risk or danger to the community. (*Id.*)

Respondents subsequently notified the Court that a bond hearing had occurred, and further, that an Immigration Judge denied Petitioner's request for bond because he did not meet his burden to prove that he is not a flight risk. (ECF No. 5.) On January 22, 2026, the Court directed Respondents to submit additional briefing and supporting documentation addressing whether the bond hearing comported with the requirements of due process and fundamental fairness, including the allocation of the burden of proof. (ECF No. 6.) Respondents submitted the bond hearing transcript and their briefing, and Petitioner filed a reply. (ECF Nos. 9–10.)

On February 23, 2026, the Court issued a Memorandum Opinion and Order finding the January 14, 2026 bond hearing fundamentally fair and consistent with due process, and directing Respondents to either submit an individualized, record-supported showing that continued detention was necessary to serve the Government's regulatory interests or release Petitioner under reasonable conditions of supervision. (ECF Nos. 11–12.) Thereafter, following Respondents' submission concerning Petitioner's continued detention (ECF No. 13), Petitioner moved to enforce the judgment. (ECF No. 14.) On March 23, 2026, the Court granted that motion and directed Respondents to immediately release Petitioner. (ECF No. 15.) Respondents subsequently notified

the Court of Petitioner's release. (ECF No. 16.)

On March 25, 2026, Petitioner filed the instant Motion seeking $6,077.58 in attorney's fees and expenses under the EAJA. (ECF No. 17.) Respondents oppose the Motion, arguing that their position in detaining Petitioner and defending that detention during the underlying habeas proceedings was substantially justified. (ECF No. 18.)

## II. LEGAL STANDARD

The EAJA provides that a court shall award a prevailing party fees and other expenses incurred in a civil action brought by or against the United States unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Third Circuit has held that habeas challenges to immigration detention brought under 28 U.S.C. § 2241 constitute "civil actions" within the meaning of the EAJA. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 425, 432 (3d Cir. 2026). Therefore, the Court holds that EAJA fees are available in an appropriate immigration-detention habeas proceeding.

To qualify as a prevailing party, a litigant generally must obtain a judicially sanctioned material alteration of the legal relationship between the parties. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603–05 (2001). Thus, a petitioner who obtains judicial relief materially altering the conditions or legal basis of detention may qualify as a prevailing party under the EAJA.

Substantial justification means that the Government's position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Michelin*, 169 F.4th at 433. "The Government bears the burden of proving its position was justified." *Michelin*, 169 F.4th at 433. Thus, the Government's position is substantially justified when it has

"a reasonable basis in both law and fact." *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).

To satisfy this standard, the Government must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)). In immigration cases, the Court considers both the Government's underlying conduct and its position during the ensuing litigation. *Michelin*, 169 F.4th at 433; *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

Importantly, a court "[cannot] assume that the government's position was not substantially justified simply because the government lost." *Michelin*, 169 F.4th at 433 (quoting *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2010)). The substantial-justification inquiry is therefore distinct from the merits inquiry. A position may ultimately be rejected by the Court and nevertheless have been substantially justified for purposes of the EAJA. *See Kiareldeen v. Ashcroft*, 273 F.3d 542, 547–48 (3d Cir. 2001).

Even where the Government's position was not substantially justified, the Court may deny an award if it finds that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). This exception provides the Court with discretion to consider whether the particular circumstances of the case warrant denying fees notwithstanding the Government's failure to establish substantial justification.

## III. DISCUSSION

Petitioner maintains that he is entitled to attorney's fees because the Court granted his habeas petition and ultimately ordered his release from immigration detention. (ECF No. 17.) He

contends that Respondents' decision to detain him under § 1225(b), rather than § 1226(a), was contrary to the statutory framework and lacked a reasonable basis in law. (*Id.*) The Court agrees that Petitioner obtained meaningful relief in this action. Nevertheless, the Court concludes that Respondents have carried their burden of demonstrating that their position was substantially justified.

**A. Petitioner Is a Prevailing Party.**

The Court first addresses Petitioner's eligibility for an award under the EAJA. Petitioner obtained judicially sanctioned relief materially altering the legal relationship between the parties. See *Buckhannon Bd. & Care Home, Inc. v. W. Va. Department of Health & Human Resources*, 532 U.S. 598, 604–05 (2001).

Specifically, the Court granted in part Petitioner's habeas petition, directed Respondents to provide an individualized bond hearing, and ultimately ordered Petitioner's release from custody. (ECF Nos. 11–12, 15.) Accordingly, Petitioner achieved prevailing-party status. The remaining question is whether Respondents' position was substantially justified.

**B. Respondents' Underlying Detention Decision Had a Reasonable Basis in Law and Fact.**

The Court concludes that Respondents' decision to detain Petitioner pursuant to § 1225(b), rather than § 1226(a), had a reasonable basis in law and fact at the time of the underlying conduct.

The dispute in this action arose from an unsettled question concerning the proper interpretation of the Immigration and Nationality Act's ("INA") detention provisions. Section 1225(b) establishes mandatory detention for certain applicants for admission, whereas § 1226(a) generally governs the discretionary detention of noncitizens pending removal proceedings.

Although this Court ultimately determined that Petitioner's detention was governed by §

1226(a), the statutory question was not foreclosed by controlling Supreme Court or Third Circuit precedent when Respondents detained Petitioner in September 2025.

Petitioner, a citizen of Colombia, entered the United States on September 13, 2022, and was paroled the following day. He thereafter resided in New Jersey for approximately three years before ICE detained him on September 13, 2025. (ECF No. 11 at 1–2.) Although Petitioner alleges that he maintained employment, had no criminal record, and consistently complied with the requirements of the Alternatives-to-Detention program, those circumstances did not themselves resolve the statutory question concerning the authority under which he could be detained. (*Id.* at 2.)

Indeed, on September 5, 2025, the Board of Immigration Appeals ("BIA") issued *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that immigration judges lacked authority to conduct bond hearings for certain noncitizens detained under § 1225(b)(2). That decision reflected the Government's interpretation that noncitizens who had not been admitted to the United States could fall within the mandatory detention provisions of § 1225(b)(2), notwithstanding their physical presence in the interior of the country.

The Court recognizes that district courts throughout the country, including courts within this District, had rejected the Government's interpretation. *See, e.g.*, *Rivera Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Rivas Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025). Those decisions informed this Court's January 7, 2026 determination that Petitioner was subject to detention under § 1226(a). (ECF No. 3.)

Nevertheless, the existence of contrary district court decisions does not, standing alone, establish that the Government's position was unreasonable. The Third Circuit has recognized that "it is not unjustified for [the Government] to assert a position in one court merely because that

position has been rejected in another." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 131 (3d Cir. 1993).

The relevant inquiry is not whether Respondents advanced the interpretation that ultimately prevailed, but whether their interpretation had a reasonable basis in law and fact. Here, the Government's interpretation was supported by the statutory language and an existing precedential administrative decision. Although this Court rejected that interpretation as applied to Petitioner, the Court cannot conclude that the position was so lacking in legal support that no reasonable person could have advanced it.

Subsequent appellate developments further illustrate the substantial legal dispute surrounding the statutory question. In *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Third Circuit held that § 1225(b)(2)(A) does not authorize mandatory detention of noncitizens who are present in the interior of the United States and are no longer actively seeking admission. The Court recognizes that this decision now controls the interpretation of § 1225(b)(2)(A) within this Circuit. However, *Buele Morocho* was decided months after the detention decision and the underlying habeas proceedings in this case. It does not establish that Respondents lacked a reasonable basis for their earlier position.

Accordingly, although Respondents' statutory interpretation was ultimately rejected, the Court concludes that their underlying detention decision had a reasonable basis in law and fact.

**C. Respondents' Litigation Position Was Also Substantially Justified.**

The Court likewise concludes that Respondents' litigation position was substantially justified.

After Petitioner filed his habeas Petition, the Court determined, based on Petitioner's allegation that he was unlawfully detained under 8 U.S.C. § 1225 and its recent decisions

interpreting that provision, that Petitioner was subject to detention under § 1226(a). The Court accordingly directed Respondents to provide Petitioner with an individualized bond hearing before an immigration judge to assess whether he posed a flight risk or danger to the community. (ECF No. 3.)

Respondents thereafter notified the Court that the bond hearing had occurred. (ECF No. 5.) Rather than treating the occurrence of the hearing as dispositive, the Court directed further briefing concerning whether the proceedings satisfied the requirements of due process and fundamental fairness, including the allocation of the burden of proof. (ECF No. 6.) Respondents submitted briefing and the bond hearing transcript, and Petitioner was afforded an opportunity to respond. (ECF Nos. 9–10.)

The Court ultimately granted habeas relief. (ECF No. 15.) That determination, however, does not establish that Respondents' litigation position was unreasonable. The litigation involved not only the proper statutory classification of Petitioner under the INA, but also the procedural protections required at an individualized immigration bond hearing. Those questions required judicial consideration of the applicable statutory and constitutional standards.

The Court recognizes that its prior rulings rejected Respondents' position and that Petitioner ultimately obtained the relief he sought. But the EAJA does not impose liability for attorney's fees simply because the Government unsuccessfully litigated a disputed question of law. *Kiareldeen v. Ashcroft*, 273 F.3d 542, 547–48 (3d Cir. 2001). Rather, the Government's position must be evaluated objectively and in light of the circumstances existing when it acted and litigated the matter.

Here, Respondents relied upon an existing administrative interpretation of the detention statutes, defended their interpretation through the statutory framework, and participated in the

proceedings directed by the Court. The fact that the Court ultimately concluded that Petitioner was entitled to habeas relief does not, without more, establish that Respondents' position lacked a reasonable basis.

The Court therefore concludes that Respondents have demonstrated that their litigation position was substantially justified within the meaning of the EAJA.

Because the Court finds that Respondents' position, both in the underlying detention decision and during the ensuing litigation, was substantially justified, the Court need not address the parties' arguments concerning whether special circumstances independently make an award unjust under 28 U.S.C. § 2412(d)(1)(A). Nor is it necessary to address the reasonableness of the hourly rates or the amount of fees requested.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have established that their position in detaining Petitioner pursuant to 8 U.S.C. § 1225(b) and defending that detention during the ensuing habeas proceedings was substantially justified within the meaning of 28 U.S.C. § 2412(d)(1)(A). Accordingly, Petitioner's Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act (ECF No. 17) is **DENIED**.

An appropriate Order follows.

*Karen M. Williams*

**Hon. Karen M. Williams,**
**United States District Judge**